IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECTOR RESOURCES LTD., | Case No. 1:23-cv-09728-ER |
| Petitioner, | |
| -against- | |
| ETHOS ASSET MANAGEMENT, LLC, and EAST WEST BANCORP INC. a/k/a EAST WEST BANK, | |
| Respondents. | |

**DECLARATION IN OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**

Pursuant to 28 U.S.C. § 1746, **JEFFREY YU**, states as follows:

1.      I am a First Vice President of Respondent East West Bank s/h/a East West Bancorp Inc, a/k/a East West Bank ("**EWB**") in the above-captioned action and I have personal knowledge of the facts set forth herein, except for matters stated on information and belief, and as to those matters, I believe the information to be true and correct. If called as a witness, I could and would competently testify to the matters set forth herein.

2.      I submit this Declaration in opposition to Petitioner Sector Resources Ltd's ("**Sector**") motion for a preliminary injunction (the "**Motion**").

3.      I have been called upon, in my capacity as a First Vice President of EWB, to collect and review certain of EWB's records with respect to the Loan (as that term is defined below) and to execute this Affidavit in connection with EWB's opposition to the Motion.

4.      As a First Vice President of EWB, I am familiar with the process by which EWB documents its loans and maintains records with respect to those loans, including the Loan.

5.      Each of the documents attached hereto are business records of EWB insofar as they (a) (i) are regularly prepared by and/or and kept by EWB in the regular course of EWB's business, and (ii) insofar as the records prepared by EWB were prepared at or about the time of the subject transactions, or (b) (i) were provided to EWB by third-parties, (ii) have been incorporated into EWB's own business records, and (iii) are routinely relied upon by EWB in the regular course of EWB's business.

6.      In preparation of this Declaration, I have reviewed each of the documents annexed hereto.

**The EWB Loan Documents.**

7.      On or about December 29, 2022, EWB agreed to lend to respondent Ethos Asset Management, Inc. ("**Ethos**") up to $14,800,000 as part of a revolving line of credit (the "**EWB Loan**").

8.      The EWB Loan is evidenced in part by that certain Business Loan Agreement dated December 29, 2022 (the "**Loan Agreement**" and together with the SBLCs (as defined below) and any and all other documents evidencing, securing and/or governing the EWB Loan, collectively, the "**EWB Loan Documents**"), pursuant to which EWB agreed to lend up to $14,800,000.00 to Borrower.

9.      A true and correct copy of the Loan Agreement is annexed hereto as **Exhibit "A"**.

10.     Pursuant to the terms of the Loan Agreement, the Loan was to be secured by certain irrevocable standby letters of credit to be issued from time to time in favor of EWB by a "bank acceptable to [EWB] and in form and substance acceptable to [EWB] ..." (collectively, the

"SBLCs""). (See Ex. A, p. 1 at "Conditions Precedent To Disbursement of Loan Proceeds"; Ex. A, p. 4 at "Standby Letter of Credit".)

**The SBLCs.**

11.    One of the SBLCs issued in favor of EWB to secure the EWB Loan was issued by JPMorgan Chase Bank N.A. ("**JPM**") on April 5, 2023 in the amount of $10,000,000.00 and identified as L/C No.: xxxxxxxx5954 (the "**JPM SBLC**").

12.    A true and correct copy of the JPM SBLC together with EWB's acknowledgement of receipt is annexed hereto as **Exhibit "B"**.

13.    The terms of the JPM SBLC make clear that EWB is entitled to draw on the JPM SBLC under certain circumstances, including upon certification by EWB that a certain amount is "due to [EWB] from [Ethos]" including "unpaid indebtedness including principal interest, charges, and expenses incurred...due to [EWB], arising from the granting of banking facilities to [Ethos]..." (See Ex. B, p. 2-3.)

14.    The JPM SBLC also provides that:

> "EXCEPT AS EXPRESSLY STATED HEREIN, THIS UNDERTAKING IS NOT SUBJECT TO ANY CONDITION OR QUALIFICATION. THE OBLIGATION OF JPMORGAN CHASE BANK, N.A. UNDER THIS LETTER OF CREDIT IS THE INDIVIDUAL OBLIGATION OF JPMORGAN CHASE BANK, N.A. AND IS IN NO WAY CONTINGENT UPON REIMBURSEMENT WITH RESPECT THERETO, OR UPON

OUR ABILITY TO PERFECT ANY LIEN, SECURITY

INTEREST OR ANY OTHER REIMBURSEMENT."

(See Ex. B, p. 3.)

15. The JPM SBLC is issued in favor of EWB, <u>not</u> Ethos.

16. The JPM SBLC secures amounts due from Ethos to EWB, <u>not</u> amounts due from Sector to Ethos.

17. Neither Ethos nor Sector has authority under the terms of the EWB Loan Documents, the JPM SBLC or otherwise to direct the reduction or cancellation of the JPM SBLC.

18. On June 6, 2023, EWB requested that JPM decrease the amount of the JPM SBLC to $5,050,762.80 to reflect the then remaining availability for borrowing under the terms of the EWB Loan Documents (the "**Reduction Request**").

19. A true and correct copy of the Reduction Request is annexed hereto as **Exhibit "C"**.

20. In response to the Reduction Request, JPM issued that certain Amendment No. 1 to the JPM SBLC (the "**JPM SBLC Amendment**").

21. A true and correct copy of the JPM SBLC Amendment together with EWB's acknowledgement of receipt is annexed hereto as **Exhibit "D"**.

22. As of the date hereof, the JPM SBLC (as amended) remains in full force and effect for the benefit of EWB (*not* for Ethos).

**The Amount Due to EWB.**

23. As of November 7, 2023, the total amount due to EWB in connection with the EWB Loan was in an amount not less than $6,800,000.00, plus accrued and unpaid interest, attorneys'

fees, costs and any other amounts due to EWB under the terms of the EWB Loan Documents (collectively, the "**Debt**"), all of which will continue to accrue.

**Relationship With Sector.**

24.    EWB is not a party to the loan agreement between Sector and Ethos that is the subject of this action (the "**Ethos/Sector Agreement**").

25.    EWB is not party to any other agreement with Sector.

26.    Sector is not a customer of EWB.

27.    Upon information and belief, based upon a review of the documents submitted by Sector in support of its Motion, the form of SBLC that is annexed as Exhibit A to the Ethos/Sector Agreement includes language identical to the JPM SBLC, including the language that makes clear that the SBLC is intended to secure amounts due by Ethos to EWB, not amounts due by Sector to Ethos.

28.    Upon information and belief, based upon a review of the documents submitted by Sector in support of its Motion, Sector (together with Ethos) caused JPM to issue the JPM SBLC in favor of EWB.

29.    EWB lacks knowledge regarding why Sector agreed to cause JPM to issue the JPM SBLC in favor of EWB.

**Ethos' Account at EWB.**

30.    On or about October 17, 2022, Ethos opened a demand deposit account at EWB (Account No. x 6703) (the "**Demand Deposit Account**").

31.    As of the date hereof, the Demand Deposit Account remains open.

32.    Ethos does not now have and has never had any other account at EWB.

33.    Pursuant to the terms of the Loan Agreement, EWB has the "right of setoff in all [Ethos'] account with [EWB]" and Ethos "authorize[d] [EWB] … to charge or setoff all sums owing [to EWB by Ethos] against any and all such account, and, at [EWB's] option, to administratively freeze all such accounts to allow [EWB] to protect [EWB's] charge and setoff rights" in such accounts. (See Ex. A, p. 5 at "Right of Setoff").

34.    Pursuant to the foregoing, EWB has administratively frozen the Demand Deposit Account, effective as of November 6, 2023.

35.    According to EWB's records, $3,250,000.00 was deposited on June 6, 2023 into the Demand Deposit Account via wire transfer from "Sector Capital Corp – Custodial Account" (the "**Sector Deposit**").

36.    EWB lacks knowledge regarding why Sector cause the Sector Deposit to be made.

37.    EWB never agreed to secure or segregate the Sector Deposit.

38.    Sector has no interest now and has never had any interest in the Demand Deposit Account.

39.    As of November 7, 2023, the balance of the Demand Deposit Account was $812,964.34 (the "**Current Demand Deposit Account Balance**").

40.    EWB has the right to setoff as against the Current Demand Deposit Account Balance at any time for all amounts due to EWB under the terms of the EWB Loan Documents.

41.    To date, EWB has not exercised that right, but reserves its right to do so in accordance with the terms of the EWB Loan Documents.

I declare under the penalty of perjury under the laws of the United States of America that

the foregoing is true and correct.

_____
JEFFREY YU

Executed on
8th day of November, 2023