**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

SECTOR RESOURCES LTD,

                Petitioner,

        v.

ETHOS ASSET MANAGEMENT, INC., and EAST
WEST BANCORP. INC. a/k/a EAST WEST
BANK,

                Respondents.

------------------------------------------------------------x

Case No. 23 Civ. 09728 (ER)

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO WITHDRAW AS**
**RESPONDENT ETHOS ASSET MANAGEMENT, INC.'S COUNSEL**

LINKLATERS LLP
James R. Warnot, Jr.
1290 Avenue of the Americas,
New York, NY 10104
Tel.: (212) 903-9028
Email: james.warnot@linklaters.com

November 16, 2023

*Attorneys for Respondent Ethos Asset Management, Inc.*

## PRELIMINARY STATEMENT

Pursuant to Rule 1.4 of the Local Rules of the United States District Court for the Southern District of New York, the undersigned counsel, James R. Warnot, Jr., and Linklaters LLP (collectively, "**Linklaters**"), as counsel for Respondent Ethos Asset Management, Inc. ("**Respondent**" or "**Ethos**"), hereby moves this Court for leave to withdraw as counsel to Respondent Ethos in the above-captioned matter ("**Motion to Withdraw**"). ██████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████

                ████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████

As discussed in further detail below, and in the Warnot Declaration, Linklaters seeks leave to withdraw as counsel of record for Ethos ████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

---

[1]    ████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████ Moreover, because all briefing in this action for injunctive relief has been completed, Linklaters' withdrawal will have no materially adverse effect on Ethos' interests. Accordingly, Linklaters respectfully requests that this Court grant its Motion to Withdraw and enter an Order authorizing the withdrawal of Linklaters as attorneys of record for Ethos, discharging Linklaters and its attorneys from further representation duties herein.

## FACTS

On November 3, 2023, Sector Resources Ltd. ("Sector" or "Petitioner") filed its Complaint (ECF No. 1) and Emergency Motion for a Temporary Restraining Order and Preliminary Injunction in Aid of Arbitration against Ethos (the "**Motion**") (ECF No. 4), alleging that Ethos breached certain agreements, and requesting that this Court enjoin Ethos and Respondent East West Bank from "impairing, using, withdrawing, or otherwise dissipating Sector's collateral." ECF No. 5 at 1; Warnot Decl. ¶ 4.

Linklaters made its appearance as counsel for Ethos in the above-captioned action on November 6, 2023 (ECF No. 11), shortly before this Court's show cause hearing on the Motion, where it denied Petitioner's request for a temporary restraining order, and set a briefing schedule regarding Petitioner's request for a preliminary injunction in aid of arbitration. ECF No. 13; Warnot Decl. ¶¶ 5-6. On November 9, 2023, Ethos filed its Memorandum of Law in Opposition to the Motion. ECF No. 29; Warnot Decl. ¶ 7. Sector filed its Reply on November 10, 2023. ECF No. 33; Warnot Decl. ¶ 7.

Four days later, on November 13, 2023, this Court held a hearing regarding Petitioner's Motion, during which it was disclosed that Ethos' Chief Executive Officer, Carlos Santos, had been taken into custody by federal authorities in New Jersey. *See* Exhibit A (November 13, 2023 Hearing Transcript) at 65:14–66:7; Warnot Decl. ¶ 8. ████████████████████████████



## **ARGUMENT**

## I.    **LEGAL STANDARDS**

Withdrawal of counsel in this District is governed by Local Rule 1.4, which provides:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

Local Rule 1.4.

In addition, NYRPC 1.16(c) provides that a lawyer may withdraw from representing a client when, *inter alia*, "withdrawal can be accomplished without material adverse effect on the interests of the client," NYRPC 1.16(c)(1), or "█████████████████████████████

---

2    ██████████████████████████████████████████████████
██████████████████

████████████████████████████████████████████████████████████

█████████████████████████

In determining whether to grant permission to withdraw, district courts "analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the prosecution of the suit." *Police Officers For a Proper Promotional Process v. Port Auth. of N.Y. & N.J.*, No. 11-cv-7478 (LTS) (JCF), 2012 WL 4841849, at *1 (S.D.N.Y. Oct. 10, 2012). Here, the Warnot Declaration submitted in connection with this motion establishes that withdrawal is appropriate pursuant to both the Local Rules and the NYRPC. Warnot Decl. ¶¶ 14-15. Counsel is, of course, willing to provide additional information, consistent with Linklaters' ethical obligations, *in camera* and *ex-parte*, or otherwise, as the Court requests. Warnot Decl. ¶ 16.

## II.    THERE WILL BE NO MATERIALLY ADVERSE EFFECT ON THE INTERESTS OF ETHOS IF LINKLATERS IS PERMITTED TO WITHDRAW AS COUNSEL

In weighing the impact of the withdrawal on the proceeding, courts consider the "immediacy and degree of potential harm—whether to the client, the lawyer or the judicial system—from the continuation of the representation. . . . [T]ogether with the impact that the grant of the motion to withdraw would have on the progress of the case." *Szulik v. Tag V.I., Inc.*, No. 12 Civ. 1827(PKC), 2013 WL 6009945, at *1 (S.D.N.Y. Nov. 13, 2013); *see also* NYRPC 1.16(c)(1) ("a lawyer may withdraw from representing a client when . . . withdrawal can be accomplished without material adverse effects on the interests of the client"). "Courts generally gauge such impact on the status of discovery." *City Merch. Inc. v. Tian Tian Trading Inc.*, No. 1:19-CV-09649-MKV, 2021 WL 119075, at *2 (S.D.N.Y. Jan. 13, 2021). "Where discovery has not yet closed and the case is not on the verge of trial readiness, prejudice is unlikely to be found."

---

[3]    ████████████████████████████████████████████████████████
████████████████████████████████████

*Winkfield v. Kirschenbaum & Phillips, P.C.*, No. 12-CV-7424 (JMF), 2013 WL 371673, at *1 (S.D.N.Y. Jan. 29, 2013) (internal quotation marks omitted); *see also Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08 Civ. 6469 (DAB) (JCF), 2011 WL 672245, at *2-3 (S.D.N.Y. Feb. 17, 2011) (holding that where a case is "not on the verge of being tried" and withdrawal "will not in and of itself unnecessarily delay the proceedings," counsel should be permitted to withdraw).

This case is nowhere near "on the verge of trial readiness," *see Marciano v. DCH Auto Grp.*, No. 11-CV-9635 (KMK), 2016 WL 11703590, at *2 (S.D.N.Y. Feb. 2, 2016).   Indeed, because this action is one for a preliminary injunction in aid of arbitration, there *is no* trial in this case.   Ethos has already fully briefed the Motion.   *See* ECF Nos. 29, 30, 32; Warnot Decl. ¶¶ 4-7. The Court heard argument on the Motion on November 13, 2023.   Warnot Decl. ¶ 8.   And there is no other motion or pleading currently before this Court.   *See L.V. v. New York City Dep't of Educ.*, No. 19CV05451 (AT) (KHP), 2020 WL 6782234, at *3 (S.D.N.Y. Nov. 17, 2020) (where the only issue remaining involved the enforcement of the Court's emergency relief, holding that the resolution of the action would not be disrupted by an extension of the schedule for the purpose of relieving counsel, weighing in favor of withdrawal).   As of the date of this Court's hearing on November 13, 2023, the only outstanding task with respect to this case was for the parties to remit to the Court an update on the arrest of Mr. Santos.   Warnot Decl. ¶ 13; *see* Exhibit A at 62:2-62:12. Counsel for the Petitioner so updated this Court, when, on November 14, 2023, she filed a letter providing the Court with details regarding the arrest of Mr. Santos, attaching a Department of Justice press release (ECF No. 34), and when, on November 15, 2023, she filed a supplemental letter that attached the criminal complaint filed against Mr. Santos, which had been unsealed one day earlier (ECF No. 35).   Warnot Decl. ¶ 13.   Accordingly, with no known party briefing or

appearance obligations remaining, Linklaters' withdrawal will not materially impact Respondent

Ethos' interests or the course of this case.[4]  *See* NYRPC 1.16(c)(1).

---

6

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████    As noted above, Linklaters is more than willing

to provide the Court additional information, consistent with its ethical obligations, demonstrating

that there exists good cause under the Local Rules and NYRPC to permit withdrawal of

representation, and counsel is prepared to make such a showing *in camera* and *ex-parte* or

otherwise, as the Court requests.  Warnot Decl. ¶ 16.

## IV.    LINKLATERS WILL NOT ASSERT A CHARGING LIEN

Pursuant to Local Rule 1.4, an attorney seeking to withdraw as counsel must state whether

he or she is asserting a retaining or charging lien.  Linklaters LLP is not asserting a retaining or

charging lien in connection with this matter.

## <u>CONCLUSION</u>

For the foregoing reasons, Linklaters respectfully requests that this Court grant its Motion

to Withdraw as counsel of record for Respondent Ethos.

Dated:    New York, New York
          November 16, 2023

                              Respectfully submitted,

                              Linklaters LLP

                       By:    */s/ James R. Warnot, Jr.*
                              James R. Warnot, Jr.
                              **Linklaters LLP**
                              1290 Avenue of the Americas,
                              New York, NY 10104
                              Tel.: (212) 903-9028
                              Email: james.warnot@linklaters.com

                              *Attorneys for Respondent Ethos Asset*
                              *Management, Inc.*

7