

**MEMO ENDORSED**

Trust. Knowledge. Confidence.

Sector's request to enter the proposed case management order is denied. Ethos has not appeared in this action since it was directed to retain new counsel on November 17, 2023, while Santos has not appeared at all. And neither defendant has responded to the amended complaint. If Sector wishes to seek a default judgment, it must follow the procedure set forth in the undersigned's individual practices. The Clerk of Court is respectfully directed to terminate the motion, Doc. 86. SO ORDERED.

Edgardo Ramos, U.S.D.J.
Dated: May 31, 2024
New York, New York

Janene Marasciullo
**(212) 545-1900**
Janene.Marasciullo@offitkurman.com

May 23, 2024

The Hon. Edgardo Ramos
United States District Court for the Southern District of New York
Thurgood Marshall U.S. Courthouse
Courtroom 619
40 Foley Square
New York, NY 10007

Re: *Sector Resources, Ltd. v. Ethos Asset Mgmnt., Inc.* et al. (SDNY 23-cv-09728-ER)

Dear Judge Ramos:

I am writing on behalf of Plaintiff, Sector Resources, Ltd., ("Sector"), to request that the Court enter the proposed Case Management Order ("Proposed Order"), which is attached hereto as Exhibit A, in the above-captioned case. As detailed below, Sector requested input from Ethos Asset Management, Inc. ("Ethos") and Carlos Santos ("Santos") (collectively, "Defendants"), and Santos' criminal defense counsel concerning the Proposed Order. Neither Defendants nor Santos' criminal defense counsel provided comments or objections to the Proposed Order. Sector therefore respectfully requests that the Court enter the Proposed Order so that it may pursue the discovery necessary to prosecute this action and obtain relief.

### 1. Background

Sector commenced this action by filing a petition for injunctive relief against Ethos in November 2023.[1] Ethos appeared by counsel and opposed Sector's request. Dkt. 12, 29-32. Santos, who is the Chief Executive Officer of Ethos, submitted a declaration in opposition to Sector's request. Dkt. Nos. 31, 32. On November 13, 2023, the United States arrested Santos and charged him with wire fraud in connection with the loan scam at issue in this case. Dkt. No. 35-1. On December 7, 2023, a federal grand jury indicted Santos and Ethos for conspiracy to

---

[1] Sector sought an injunction in aid of arbitration because it feared that Ethos would either hide or dissipate its assets. Sector's were well justified. In addition to the fact that a grandy jury subsequently indicted Santos and for conspiracy to commit wire fraud and wire fraud in connection with the events that led to this lawsuit, between June 2023 and November 6, 2023, Ethos withdrew approximately $18 million from its account at East West Bank, and immediately after Sector filed its request for injunctive relief, Ethos attempted to withdraw another $500,000 from that account. Dkt. No. 48-6 at p. 8-9.

commit wire fraud, wire fraud, bank fraud, and aggravated identity theft. Dkt. No. 62-1. The criminal case is currently set for trial on September 30, 2024. *See United States v. Santos et al.*, (SDNY No. 23-cr-02507-BAS), Ex. B at Dkt. 28. The United States has informed Sector that it is a victim of Defendants' fraud.

On February 9, 2024, Sector filed the Amended Complaint, which asserts claims against Ethos and Santos. Dkt. No. 62 at ¶¶ 149 – 221. On February 12, 2024, Sector delivered a copy of the Amended Complaint to Santos' criminal defense counsel, Jeremy Warren, and asked him to accept service on behalf of Santos. Mr. Warren stated he would confer with Mr. Santos about accepting service. On February 21, Sector served the Amended Complaint on Ethos. Dkt. No. 72. After Mr. Warren advised Sector that he would not accept service on behalf of Santos, Sector served Santos on March 7, 2024. Dkt. No. 77. Although Ethos and Santos were required to respond to the Amended Complaint by March 13, 2023 and March 28, 2023, respectively, they did not do so.

On March 27, 2024, I contacted Mr. Warren to advise him that Sector needed to confer with Mr. Santos regarding a Rule 26 conference and a proposed case management order. Mr. Warren advised me to contact Mr. Santos directly. On March 28, 2024, I contacted Mr. Santos, who is incarcerated pending trial, by certified mail letter to request his comments on a proposed case management order as required by Rule 26 and I sent a copy of this correspondence to Mr. Warren. Ex. C. Later that day, a grand jury returned a superseding indictment against Santos and Ethos and other co-conspirators. Ex. D. According to the superseding indictment, Santos conspired to force defrauded borrowers to litigate with Ethos, which would allow Ethos to delay the payments and to force defrauded borrowers to accept reduced payments. Ex. D at ¶ 24.

Defendants did not respond to the March 28, 2024 letter or provide comments to the proposed case management order. On April 24, 2024, I sent the Proposed Order to Santos via certified mail and asked him to provide input by May 8, 2024. Ex. E. I also sent a copy of the April 24, 2024 letter to Mr. Warren. *Id.* Shortly thereafter, Marcus Bourassa and Timothy Scott replaced Mr. Warren as counsel for Santos in the criminal case. Ex. 3 at Dkt. Nos. 39-41. On May 15, 2024, I contacted Mr. Scott and Mr. Bourassa regarding the Proposed Order. Ex. F. Neither Defendants nor Santos' criminal defense counsel provided any comments to the Proposed Order.

## 2. The Court Should Enter the Proposed Case Management Order

Sector conferred with Defendants about the Proposed Case Management Order as required by Rule 26(f). Defendants, who have used the litigation process to impede defrauded victims from recovering their collateral, Ex. D at ¶ 24, have not commented on nor objected to the Proposed Order.

Sector needs discovery to pursue its claims and recover its collateral. Therefore, pursuant to Rule 26(f) and Rule 1 of the Federal Rules of Civil Procedure, Sector respectfully requests

that the Court enter the Proposed Order, which proposes a pre-trial schedule which proposes discovery and filing deadlines after the resolution of the related criminal case against Defendants.  The proposed schedule will allow Sector to commence discovery without impeding the Ethos Defendants' ability to defend themselves in the related criminal case.  Thus, the Proposed Order will promote the "just, speedy, and inexpensive" determination of this action and is therefore, consistent with Rule 1 and Rule 26 of the Federal Rules of Civil Procedure.

    Thank you for your continued attention to this matter.


        Respectfully submitted,


        Janene M. Marasciullo




Cc:  Timothy Scott (via email)
     Michael Bourassa (via email)

CERTIFICATE OF SERVICE

On May 23, 2024, I filed the foregoing Case Management Order, via ECF and I served a copy of the same upon the parties identified below via First Class, U.S. Mail:

Ethos Asset Management
4660 La Jolla Village Drive
San Diego, CA 92122

Carlos Santos
Registration No. 86432-510
MCC San Diego
808 Union Street
San Diego, CA 92101


/s/ Janene M. Marasciullo
Janene M. Marasciullo

4891-0360-8760, v. 5