

**Janene Marasciullo**
**(347) 589-8514**
**Janene.Marasciullo@offitkurman.com**

July 23, 2025

Judge Edgardo Ramos
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Re: *Sector Resources Ltd. et al, v. Ethos Asset Management, Inc., et al,* (No. 23-cv-09728-ER)

Dear Judge Ramos:

We write on behalf of our clients, Sector Resources, Ltd. ("Sector") and Sector Capital Corporation ("Sector Capital"), (collectively, "Plaintiffs"), to provide a status update concerning the criminal case against Carlos Manuel da Silva Santos ("Mr. Santos") and to seek leave to file a Fourth Amended Complaint that reflects the judgment entered against Santos in the related criminal case and newly discovered evidence. Santos and Ethos Asset Management, Inc. ("Ethos") have defaulted and, therefore, Plaintiffs' counsel has not conferred with them regarding this issue. Although Plaintiffs provided a summary of the new evidence and copies of key documents to counsel for East West Bank ("EWB"), EWB advised it would not consent to an amended complaint until it reviews the Fourth Amended Complaint, which is not yet ready to be filed. Plaintiffs propose to file the Fourth Amended Complaint by August 15, 2025. There is good cause for Plaintiffs' request to file a Fourth Amended Complaint.

First, it would serve the interest of justice to allow Plaintiffs to amend the complaint to reflect Mr. Santos' guilty plea to conspiracy to commit wire fraud and his admission that Plaintiffs lost over $8 million as a result of his wire fraud scheme. Dkt. 123-1 at pp. 5-6; 18-19. Likewise, it would serve the interest of justice to allow Plaintiffs to amend the complaint to reflect the fact that the Court has entered a judgment against Mr. Santos, which requires him to pay $8,749,977.50 in restitution to Plaintiffs. *See* Exhibit 1 at p. 6. As a result of Mr. Santos' conviction and the judgment of restitution, Mr. Santos is estopped from "denying the essential allegations of [his] offense" in this case. 18 U.S.C. § 3664(l). Unfortunately, however, the restitution judgment against Mr. Santos will not bring complete relief to Plaintiffs. Although the Government obtained approximately $10 million during forfeiture proceedings that will be distributed to victims entitled to restitution, that is less than half of the restitution judgment entered against Mr. Santos. Ex. 1 at p. 6. Thus, allowing Plaintiffs to file a Fourth Amended Complaint that reflects the judgment against Mr. Santos will narrow the issues before this Court and conserve the limited resources of the Court and the parties.

Second, Plaintiffs have obtained Mr. Santos' communications with EWB, and these documents provide further support for Plaintiffs' RICO conspiracy, fraud and aiding and abetting claims against EWB. Although a detailed summary of these communications is beyond the scope of this letter, the communications provide compelling evidence that EWB *knew* that: (1)

Santos was operating Ethos through a pattern of racketeering; (2) Ethos was a Ponzi scheme,[1] and (3) Santos and Ethos ("the Ethos Defendants") had fraudulently induced Plaintiffs to provide the standby letter of credit ("SBLC").[2]  These documents also demonstrate that the Ethos Defendants advised EWB that they intended to use Plaintiffs' SBLC to make payments to keep the Ethos Ponzi scheme afloat before Plaintiffs provided the SBLC.[3]  In addition, these communications demonstrate that EWB knowingly furthered Santos' wire fraud scheme and aided and abetted his efforts to defraud Plaintiffs.  Indeed, EWB provided cash advances to Ethos based on Plaintiffs' SBLC, even though it knew that Santos and Ethos fraudulently induced Plaintiffs to provide the SBLC.  Ex. 2-5.  In addition, this evidence demonstrates that EWB terminated Ethos' Undisclosed Line of Credit and demanded repayment of Ethos' debts in August 2023 because EWB's auditors had questioned Ethos' books and records. Ex. 6.  These communications also demonstrate that on September 26, 2023, EWB agreed that it would reduce another victim's SBLC every time the Ethos Defendants made a payment to reduce Ethos' debts. Ex. 7.  Nonetheless, on October 4, 2023, EWB falsely corroborated Santos' misrepresentation that he had directed EWB to reduce Plaintiffs' SBLC and on October 13, 2023, EWB falsely advised Plaintiffs that it was awaiting instructions from Santos to reduce the SBLC.  When EWB made these misrepresentations, it concealed the Ethos Defendants' fraud, and thus, substantially assisted the Ethos Defendants' efforts to defraud Plaintiffs.  Further, EWB made its own material misrepresentations, not only to conceal the fraud in the underlying transaction, but also to perpetrate its own fraud on Plaintiffs.  Indeed, EWB deceived Plaintiffs and prevented them from discovering the fraud in the underlying transaction because EWB wanted to ensure that the SBLC, which it knew was the product of fraud, was available to satisfy the Ethos Defendants' debts to EWB.

Plaintiffs respectfully submit that they are entitled to file an amended complaint because no defendant has answered any complaint in this case.  *See e.g.*, Fed. R. Civ. P. 15(a)(1).  However, even if a defendant had answered, the Court should allow Plaintiffs to amend their complaint to reflect these new developments.  Rule 15 (a)(2) states that a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  The Supreme Court

---

[1] Indeed, by emails December 20, 2022, January 6, 2023 and March 22, 2023, Santos sent power point slides to EWB, which plainly disclosed that he and Ethos intended to use standby letters of credit ("SBLC") provided by three victims (Victim No. 1 whose identity was not already disclosed, Green Glycols, and Plaintiffs) to obtain *immediate* cash advances from Ethos' Undisclosed Line of Credit and use that cash to make payments to unrelated parties.  *See* Ex. 2, 3, 4.  The power point slides, by themselves, clearly depict cash flow that reflects a Ponzi scheme.  However, by emails dated December 20, 2022, January 6, 2023, and March 26, 2023, Santos sent EWB the contracts between Ethos and Victim No. 1, Green Glycols, and Plaintiffs, which all plainly stated that these victims had provided the SBLCs as security for promised loans and the SBLCs could not be executed unless they defaulted on the promised loans.  In addition, Santos sent EWB the contracts between Ethos and the entities that Ethos proposed to pay ("the payees") and those contracts revealed that the payees had provided millions of dollars in collateral to Ethos to obtain loans from Ethos.  The information contained in the power point slides and the contracts constitute compelling evidence that EWB knew that Ethos was a Ponzi scheme and that Santos and Ethos fraudulently induced Plaintiffs to provide the SBLC.

[2] Indeed, on March 26, 2023, before Plaintiffs provided the SBLC, Santos sent EWB a copy of the Agreement between Ethos and Sector, which plainly stated that Plaintiffs' SBLC could be used only to secure Sector's obligation to repay a promised $50 million loan.  Ex. 5.

[3] Ex. 2-5.

has held that this "mandate is to be heeded." *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Cotiviti v. Deagle,* 501 F. Supp. 3d 243, 264 (S.D.N.Y. 2020).  Thus, "district courts should not deny leave [to amend] unless there is a substantial reason to do so, such as excessive delay, prejudice to the opposing party, or futility." *Friedl v. City of New York,* 210 F.3d 79 (2d Cir. 2000).  Here, there is no reason to deny Plaintiffs' request to file an amended complaint.

First, Plaintiffs have not engaged in any delay.  Plaintiffs disclosed their intent to amend the complaint in their January 21, 2025 response to EWB's pre-motion letter.  Dkt. 116 n. 1.  Shortly after Plaintiffs' filed their January 21, 2025 letter, Plaintiffs learned that Santos had entered a guilty and they immediately advised the Court that they intended to amend the complaint to reflect Santos' guilty plea and facts that Plaintiffs believed would come to light during the sentencing process.  Dkt. 121; Dkt. 123.  Thus, there has been no delay of any kind.  Likewise, an amendment will not cause undue prejudice to any party.  "[U]ndue prejudice arises when an amendment comes on the eve of trial," but does not exist when an amendment is based on new evidence and "no trial date has been set," no summary judgment motion has been filed, and the "amendment will not involve a great deal of additional discovery." *Ruotolo v. City of New York,* 514 F.3d 184, 191 (2d. Cir. 2008) (citing *State Teachers Ret. Bd. v. Fluor Corp.,* 654 F.2d 843, 856 (2d Cir. 1981)).   Here, Plaintiffs seek leave to amend before any defendant has answered and before discovery has commenced.  Further, EWB has always known about its own communications and cannot claim that the use of its own communications is unfair.  Thus, there is no "undue prejudice."  Further, the Court cannot find that an amendment would be futile before providing the Plaintiffs with an opportunity to plead missing facts. *Cotiviti,* 501 F. Supp. 3d at 264.  Finally, Plaintiffs, who are the established victims of a wire fraud conspiracy, have not acted in bad faith.  Rather, like all victims of fraud, they were not aware of all the relevant facts and simply seek leave to plead the facts that defendants have concealed to perpetrate their fraud.  In contrast, Plaintiffs diligently informed the Court regarding the developments in the criminal case and prudently sought to stay this case because they believed that the sentencing process would reveal further relevant evidence, which it did.  In sum, Plaintiffs have acted diligently and in good faith, and they have taken actions to conserve the resources of the parties and the Court.  Given the strong public policy of allowing a plaintiff "an opportunity to test his claim on the merits," the Court should grant their request for leave to file a Fourth Amended Complaint. *Foman,* 371 U.S. at 182; *Friedl,* 210 F.3d at 88.

Thus, Plaintiffs respectfully request leave to file a Fourth Amended Complaint.  Given the complexity of the defendants' fraud, Plaintiffs respectfully request that the Court issue a briefing schedule that allows them to file a Fourth Amended Complaint by August 15, 2025.

Respectfully submitted,

Janene M. Marasciullo

3

Cc:  All counsel of record (via ECF)

4920-5017-7111, v. 1