Offit | Kurman®
Attorneys At Law

Trust. Knowledge. Confidence.

**Janene Marasciullo**
**(347) 589-8514**
**Janene.Marasciullo@offitkurman.com**

August 17, 2026

**Via ECF**
Hon. Edgardo Ramos
United States District Court for the Southern District of New York
Thurgood Marshall U.S. Courthouse, Courtroom 619
40 Foley Square
New York, NY 10007

**MEMO ENDORSED**
at page 4

Re: *Sector Resources Ltd. et al, v. Ethos Asset Management, Inc., et al,* (S.D.N.Y. No. 23-cv-09728-ER)

Dear Judge Ramos:

In accordance with Local Civil Rule 37.2 and your Individual Practices, I am writing on behalf of plaintiffs, Sector Resources, Ltd. and Sector Capital Corporation ("Sector"), to request a conference to discuss Sector's need to file a motion to compel East West Bank ("EWB") to respond to Sector's discovery requests. Although the Court ordered expedited discovery related to the deposition of Carlos Santos ("Santos"), EWB has refused to respond to Sector's interrogatories, which asked EWB to identify the employees who interacted with Santos and made decisions on behalf of EWB regarding transactions with him and his company Ethos Asset Management, Inc. ("Ethos"). It has also delayed producing its voluminous documents.[1] I have spent a month conferring with EWB's counsel, Michael Levison, about these discovery deficiencies, but EWB refuses to provide discovery. Thus, Sector must file a motion to compel or forgo its right to obtain the evidence it needs to depose Santos.

## 1. Background and the Court's Order to Engage in Expedited Discovery

Sector is the victim of a multi-million dollar fraud scheme perpetuated by defendants. Santos has been convicted of wire fraud and has admitted that he and Ethos, (collectively "the Santos Defendants") fraudulently obtained over $8 million from Sector. *See* Dkt.151-2 at pp. 5-6, 18-19. EWB played an integral role in the fraud scheme. It gave cash advances to the Santos Defendants based upon Sector's standby letter of credit (SBLC), knowing that the SBLC was the product of fraud, it misrepresented material facts to conceal the fraud, and *after EWB knew* that the Government had charged Santos with wire fraud, EWB perfected defendants' fraud by making a concealed and improper demand for payment from Sector's SBLC.[2]

Sector filed a multi-count complaint against defendants, which alleges RICO claims

---

[1] In the criminal case, EWB produced over 33,000 pages of documents, which included the loan application, emails, credit reports, bank records, communications and loan documents. *United States v. Santos,* (S.D. Cal. No. 23-cr-2507) at Dkt. Nos. 38 at 5, 65 at p. 5.

[2] EWB's draw breached the warranty created by N.Y.U.C.C. § 510(a). EWB knew the draw would work a fraud on Sector and that the draw violated the agreement between Sector and Ethos, which was augmented by the SBLC.

against Santos and EWB, a N.Y.U.C.C. § 510 wrongful draw claim against EWB, and common law fraud, conversion, unjust enrichment, and aiding and abetting claims against EWB. A critical issue is to both Sector's claims and EWB's defenses is what EWB knew about Santos' fraud scheme and when EWB knew about it.

Santos, who has defaulted, is a critical witness concerning EWB's communications with and about the Santos Defendants are critical evidence. After Santos asked to be transferred to Portugal to serve the remainder of his sentence, Sector sought leave to depose him. Dkt. 185. Although EWB admitted that Santos is a key witness, EWB opposed Sector's request, claiming it needed discovery from Sector and Santos. Dkt. 189; Tr. at p. 18. On May 28, 2026, the Court directed the parties "*to engage in expedited discovery with respect to topics that you believe you will depose Mr. Santos with respect to*" and to complete that discovery "in three months." *Id*. at p. 24 (emphasis added). The parties must complete this discovery by September 2, 2026.

**2. EWB Has Repeatedly Refused to Respond to Sector's Discovery Requests**

On June 12, 2026, Sector served discovery requests on EWB. Sector's interrogatories asked EWB to identify the EWB personnel who: (1) interacted with the Santos Defendants; (2) made decisions concerning the Santos Defendants' requests for a line of credit ("LOC") and cash advances; and (3) decided to terminate the LOC. Sector's document requests sought documents concerning: (1) EWB's communications with and/or about the Santos Defendants; (2) EWB's underwriting and/or loan file, its due diligence, know your customer ("KYC") and anti-money laundering ("AML") concerning the Santos Defendants and the LOC; and (3) EWB statements concerning the LOC and the Santos Defendants' accounts.

On July 13, 2026, EWB served written responses that refused to provide discovery. EWB objected to Sector's interrogatories and document requests as exceeding the scope of discovery needed to depose Santos ("Phase I Discovery"). EWB also claimed that Rule 6(e) of the Federal Rules of Criminal Procedure, 18 U.S.C. § 1510 and 12 U.S.C. § 3420, prevented it from producing its own business records. EWB's objections are wholly without merit.

Sector's discovery requests clearly fall within the scope of Phase I Discovery. Sector must know which EWB employees interacted with the Santos Defendants to ensure that EWB's document production is complete. Sector must have the documents concerning EWB's communications and transactions with the Santos Defendants to prepare for Santos' deposition. Without this information, Sector will be forced to simply accept Santos' testimony without a meaningful opportunity for cross-examination. This is not only inappropriate, but it is also plainly prejudicial. Santos admitted to defrauding Sector. Further, EWB made misrepresentations to perpetuate and consummate defendants' fraud. Moreover, the laws cited by EWB do not prevent EWB from producing its own business records. The prohibitions in Rule 6(e) do not apply to witnesses. Similarly, the statutes cited by EWB do not prohibit EWB from disclosing its business records to Sector, they prohibit a grand jury subpoena *to the Santos Defendants.*

By email dated July 20, 2026, I asked EWB to supplement its interrogatory responses by July 25, 2026 and to produce documents by August 4, 2026, as required. Dkt. 193 at p. 4, ¶ 5.d. By letter dated July 25, 2026, Mr. Levison erroneously claimed that Phase I Discovery was

limited to "Mr. Santos' knowledge, involvement, and communications with *Sector*" and he stated that "*EWB will not supplement its responses to Sector's interrogatories*." (emphasis added). He also refused to withdraw EWB's objections to producing documents. By letter dated July 31, 2026, I asked EWB to respond to interrogatories and produce documents on August 4, 2026.

On August 4, 2026 and August 6, 2026, EWB made two document productions, consisting of 7,211 pages of documents, which is about 21% of the 33,000 pages of documents that it produced to the government in the criminal case.[3] Many of these documents were blank or only contain logos. I contacted Mr. Levison and his colleagues by emails dated August 5, August 6, August 7, August 10, and August 11, 2026 to request that EWB respond to interrogatories and produce documents. In response, Mr. Levison repeatedly stated that EWB will *not* respond to interrogatories. He also claimed that *EWB is not required to make any further production until September 2, 2026.* This is not accurate. During the parties' Rule 26 conference and by email dated June 2, 2026, I advised Mr. Levison that Sector would agree to EWB's request for an August 4, 2026 production, *only* if EWB agreed "*to begin to produce documents in earnest*" on that date and agreed to produce *all* non-privileged documents by September 2, 2026. During an August 13, 2026 Zoom conference, Mr. Levison again refused to respond to interrogatories and reiterated his claim that EWB is not required to produce documents until September 2, 2026. When I asked why EWB, which has six lawyers working on this matter, cannot complete its production, Levison terminated the call. After the call, EWB produced 13,450 pages of documents, but at least 2,981 pages, or 22% of the production, were meaningless strings of characters. Further, EWB has produced documents that indicate that secure messages were exchanged but has not produced the content of those messages. Thus, EWB is still withholding a substantial portion of its documents concerning its communications and transactions with the Santos Defendants.

In sum, EWB has refused to identify its employees who interacted with the Santos Defendants and it has withheld a substantial portion of its documents concerning its interactions with the Santos Defendants. Without knowing the identity of EWB's record custodians, Sector cannot determine whether EWB has produced its documents concerning its interaction and knowledge concerning the Santos Defendants. EWB's discovery failures perpetuate the information asymmetry that allowed defendants, including EWB, to defraud Sector. They are also plainly prejudicial. If EWB withholds critical evidence, Sector will not have an adequate opportunity to review it, and it will be deprived of an opportunity to depose Mr. Santos. Thus, Sector requests a conference to discuss a motion to compel EWB to provide discovery to ensure that it has a meaningful opportunity to depose Mr. Santos before he is transferred or deported to Portugal. Thank you for your continued attention to this matter.

Respectfully submitted,

Janene M. Marasciullo

[3] *United States v. Santos,* (S.D. Cal. No. 23-cr-2507) at Dkt. Nos. 38 at 5, 65 at p. 5.

cc: All counsel of record (via ECF)
Carlos Santos (via U.S. Mail)

4934-7289-1592, v. 1

A discovery conference will be held on August 27, 2026 at 11:00 a.m. in Courtroom 619, 40 Centre Street, New York, New York 10007. Both Plaintiffs and EWB's applications will be heard at that time. Docs. 198, 200.

The parties are directed to file any response letters by August 24, 2026.

SO ORDERED.

Edgardo Ramos, U.S.D.J.
Dated: August 18, 2026
New York, New York